UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS PATRICK OYARZO,<br><br>           Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>           Defendant. | No. CV- 14-3149-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 1 3, 14. The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 14**.

**JURISDICTION**

Oyarzo applied for supplemental security income (SSI) benefits on January 10, 2010, alleging onset (as amended) beginning May 11, 2010 (Tr. 29, 156-61).

ORDER - 1

Benefits were denied initially and on reconsideration (Tr. 84-92, 96-102). ALJ Kimberly Boyce held a hearing July 19, 2014. Oyarzo, represented by counsel, and a vocational expert testified (Tr. 27-57). The ALJ issued an unfavorable decision date May 16, 2012 (Tr. 11-21). The Appeals Council denied review September 4, 2014 (Tr. 1-6). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 14, 2014. ECF No. 1,4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are briefly summarized here and as necessary to explain the court's decision.

Oyarzo was 52 years old when he applied for benefits. He has a tenth grade education and has not earned a GED. He has worked as an electrician, construction worker and building maintenance worker. He testified he cannot work due to pain in his back, shoulders, hands and right knee. He can walk or stand two hours out of eight and lift five to eight pounds. He drinks with friends even though he lives in a clean and sober house. He takes prescribed pain medication and watches television. In January 2013 he said he had been incarcerated for two months after "being involved in a riot at the fairgrounds" (Tr. 33-38, 42-44, 46-49, 339).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which

ORDER - 3

compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

      The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the

Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence

supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one ALJ Boyce found Oyarzo did not work at SGA levels after onset (Tr. 13). At steps two and three, she found he suffers from right shoulder degenerative joint disease (DJD), degenerative disc disease, right knee osteoarthritis and scoliosis, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 13-15). The ALJ found Oyarzo less than fully credible (Tr. 16). She assessed an RFC for a range of light work Tr. 15). ALJ

Boyce relied on a vocational expert when she found at step four Oyarzo is unable to perform past relevant work (Tr. 19, 51). At step five, again relying on a vocational expert's testimony, the ALJ found Oyarzo can perform other jobs such as production assembler, hand packager and housekeeper (Tr. 20-21, 51-52). The ALJ concluded Oyarzo was not disabled from onset through date of the decision (Tr. 21).

## ISSUES

Oyarzo alleges the ALJ erred when she weighed the medical evidence and at step five. ECF No. 13 at 4, 7-13. The Commissioner asks the court to affirm, alleging the ALJ applied the correct legal standards, the decision is supported by substantial evidence and any error is harmless requiring at most remand for further proceedings. ECF No. 14 at 1-2.

## DISCUSSION

*A. Nurse practitioner's opinion*

Oyarzo alleges the ALJ erred when she failed to properly credit the opinion of treatment provider Jody Gray, a nurse practitioner. ECF No. 13 at 7-10. The Commissioner responds that the ALJ gave germane reasons for rejecting this opinion, as is appropriate when an ALJ weighs the opinion of a non-acceptable medical source. ECF No. 14 at 4-8.

To aid in weighing the conflicting medical evidence, the ALJ evaluated

ORDER - 7

1 Oyarzo's credibility. Credibility determinations bear on evaluations of medical

2 evidence when an ALJ is presented with conflicting medical opinions or

3 inconsistency between a claimant's subjective complaints and diagnosed condition.

4 *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). It is the province of the

5 ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039

6 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent

7 reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent

8 affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's

9 testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

10
11      The ALJ's reasons for the credibility determination are clear and convincing.

        The ALJ notes Oyarzo's allegations exceed objective findings during
12
examinations (Tr. 16-17, referring to Tr. 246-50; *see also* Tr. 239, 244, 299-300,
13
344-45, 336). Oyarzo inconsistently reports alcohol use, as the ALJ points out. Tr.
14
18, referring to Tr. 317 (admits drinks socially on May 3, 2011); Tr. 241 (reports
15
on May 11, 2011 no history of alcohol use); Tr. 339 (in January 2013 says is
16
drinking alcohol but not "all of the time" ) and Tr. 216 and 353 (notes in June 2012
17
show no history of alcohol use). *See also* Tr. 299 (August 2012 tells provider he
18
"had some beers yesterday"). Oyarzo has a poor work history, including no income
19
from 1979 through 1993, indicating low motivation (Tr. 18). His activities,

ORDER - 8

including riding a bicycle for transportation, are inconsistent with allegedly disabling limitations (Tr. 18, referring to Tr. 39, 48-49, 299). Treatment has been infrequent and conservative (Tr. 18). Most telling, Oyarzo "appeared to falsify crepitation sounds during abduction testing" by making a sound with his jaw while his shoulder was being tested (Tr. 14, referring to Tr. 249).

The ALJ's reasons are clear, convincing and supported by the record. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(lack of medical evidence is properly considered as long as it is not the sole basis for discounting pain testimony, daily activities are properly considered); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)(proper factors include inconsistencies in claimant's statements and inconsistencies between statements and conduct); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(unexplained noncompliance with medical treatment is properly considered). Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). A tendency to exaggerate complaints of pain may be considered when weighing credibility. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

In July 2013 treating nurse practitioner Jody Gray opined Oyarzo was unable to work (Tr. 357). The ALJ rejected this opinion because it is inconsistent with medical findings and with Oyarzo's demonstrated abilities (Tr. 19). It is also

ORDER - 9

1  unsupported by accompanying findings.

2      The ALJ is correct. The ALJ may properly reject a physician's contradicted

3  opinion that is inconsistent with the record as a whole. *Orn v. Astrue*, 495 F.3d

4  625, 631 (9th Cir. 2007)(citation omitted). The ALJ may reject any opinion that is

5  brief, conclusory and inadequately supported by clinical findings. *Bayliss v.*

6  *Barnhart*, 427 F.3d 1211, 1216 99th Cir. 2005). A check-box form, such as the one

7  signed by Ms. Gray, is entitled to little weight. *Crane v. Shalala*, 76 F.3d 251, 253

8  (9th Cir. 1996)(ALJ's rejection of a check-off report that did not contain an

9  explanation of the bases for the conclusions was permissible). Here, the record

10  does not show that Nurse Gray relied on objective findings when she rendered her

11  opinion, contrary to Plaintiff's assertion at ECF No. 15, page 4.

    In addition, the Commissioner is correct that Ms. Gray is not an acceptable

12  medical source as defined by 20 C.F.R. § 416.913(a). Here, even if she was an

13  acceptable medical source, the ALJ's reasons for rejecting her opinion are specific,

14  legitimate and supported by substantial evidence.

15      *B. Step five*

16      Oyarzo alleges the ALJ erred at step five because she failed to include

17  standing and walking limitations in her hypothetical to the vocational expert. ECF

18  No. 13 at 10-13. The Commissioner answers that the ALJ's hypothetical included

19  all of the limitations established by the evidence, and the ALJ properly relied on

the VE's opinion. ECF No. 14 at 8-13.

Treating physician Anna Espiritu, M.D., opined on June 6, 2012 Oyarzo could perform a range of sedentary to light work. She opined he could sit most of the day and walk or stand for brief periods. She assessed postural and fine motor skill restrictions. She opined Oyarzo may improve "if problems can be fixed through ortho" (Tr. 203, 354).

The ALJ found Oyarzo can perform a range of light work. To the extent she rejected Dr. Espiritu's opinion that plaintiff is more limited, the ALJ is correct. More dire limitations are contradicted by the medical evidence, by Oyarzo's activities, and by his diminished credibility. Multiple exams showed that objective findings were largely benign, with no range of motion limitations, no motor strength deficits, no gait impairment and normal straight leg raises when tested. In June 2010, a month after onset, a treatment provider at Yakima Health (signature illegible) opined Oyarzo could sit, stand and walk for six hours out of eight, lift 50 pounds occasionally and 25 frequently and limitations were expected to last six months (Tr. 207).

Opinions premised on Plaintiff's subjective complaints and testing within Plaintiff's control are properly given the same weight as Plaintiff's own credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ's residual functional capacity assessment is fully supported by the record.

ORDER - 11

*C. Remand*

Last, Defendant asks that if the matter is remanded, it is remanded for further administrative proceedings rather than an award of benefits. ECF No. 14 at 13-15. In the Court's view any error by the ALJ is clearly harmless as the overall conclusion is fully supported by the record as a whole.

There was no harmful error. It is the ALJ's province to resolve ambiguity in the record. Although Oyarzo alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ's reasons for rejecting more dire limitations are specific, legitimate and supported by substantial evidence. The ALJ assessed an RFC that is consistent with the record as a whole. There was no harmful error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 14**, is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 13, is denied.

The District Executive is directed to file this Order, provide copies to

counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 21st day of May, 2015.

*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 13